```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

OWEN HOBBS,                         :
                                    :   NO. 1:01-CV-00720
    Petitioner,                     :
                                    :
                                    :   **ORDER**
  v.                                :
                                    :
                                    :
HARRY RUSSELL,                      :
                                    :
    Respondent.                     :

       In 2000, Petitioner Owen Hobbs ("Hobbs") was found guilty of one count of murder, as defined in Ohio Rev. Code § 2903.02(A), with a firearm specification.  After exhausting his state court appeals, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court(doc. 1), claiming that improper peremptory challenges by the prosecution removing African-American jurors from the panel violated his due process and fair trial rights as found in <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).  After briefing by the parties, the assigned Magistrate Judge issued a Report and Recommendation (doc. 10) finding that Hobbs failed to satisfy his burden under 28 U.S.C. § 2254 and recommending that the petition therefore be denied.

       Hobbs's counsel was served with the Report and Recommendation on or about May 18, 2004.  He was therefore afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including that his failure

to file timely objections thereto would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Despite this fact, Hobbs has failed to file any objections within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), rendering the matter ripe for decision.

Upon de novo review, the Magistrate Judge's Report and Recommendation thoughtfully surveys the facts and the applicable law, and the Court finds it well reasoned and proper. Hobbs is only entitled to habeas corpus relief if the state court's resolution of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) was based on an unreasonable determination of the facts in light of the evidence presented during the state court proceedings at issue. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402-03 (2000); Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000). This Court must accept the state court's determination that the prosecutor's proffered explanations for the peremptory challenges were credible and nondiscriminatory unless the Petitioner can demonstrate by clear and convincing evidence that the findings were erroneous. See 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 768-69 (1995). The Petitioner has failed to satisfy this burden. He raised no objection to the exclusion of the first African-American juror, and has advanced no

evidence which would lead this Court to conclude that the proffered reasons, as concluded by the state trial court, were erroneous. As the <u>Batson</u> claim is the only ground Hobbs advanced for habeas corpus relief, the Magistrate Judge's conclusion that the petition should be dismissed is indeed correct.

The only remaining question for consideration concerns Hobbs's right of appeal of this Order. The Supreme Court of the United States has held that whenever a petitioner seeks to appeal dismissal of a petition after April 24, 1996, his right to do so is governed by 28 U.S.C. § 2253. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 481-82 (2000). This statute provides that a petitioner may only appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" if this Court or "a circuit justice" issues a "certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1). The Petitioner has failed to make a substantial showing of the denial of a constitutional right in his petition. <u>See</u> 28 U.S.C. § 2253(c). Accordingly, he has failed to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. at 484 (internal quotations marks and citations omitted). Furthermore, the Court finds that any appeal of this Order could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Accordingly, the Magistrate Judge's Report and Recommendation (doc. 10) is hereby ADOPTED IT ITS ENTIRETY. Petitioner's Petition For Writ Of Habeas Corpus (doc. 1) is DENIED. A certificate of appealability pursuant to 28 U.S.C. § 2253(c) shall not issue in this case.  The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order may not be taken in good faith.  Petitioner is hereby DENIED leave to appeal in forma pauperis on any appeal from this Order.

SO ORDERED.


Date: July 28, 2004       /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge